UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

**FREDERIC LUBRON BIRGANS**           **CIVIL ACTION NO. 3:11-cv-1242**
     **LA. DOC #564392**
**VS.**                               **SECTION P**

                                      **JUDGE ROBERT G. JAMES**

**WARDEN, CLAIBORNE PARISH**
**DETENTION CENTER**                  **MAGISTRATE JUDGE KAREN L. HAYES**

REPORT AND RECOMMENDATION

*Pro se* petitioner Frederic Lubron Birgans filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on June 21, 2011. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Claiborne Parish Detention Center. Petitioner attacks his 2010 conviction for possession with intent to distribute marijuana and the hard labor sentence of 17 years imposed by Louisiana's Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available State court remedies prior to filing his petition for *habeas corpus*.

*Background*

On February 4, 2010, petitioner was convicted of possession with intent to distribute marijuana; on April 5, 2010, he was sentenced to serve 17 years at hard labor. [Doc. 4, ¶1-6] He appealed his conviction and sentence to Louisiana's Second Circuit Court of Appeals raising both counseled and *pro se* assignments of error summarized as follows: (1) improper arraignment; (2)

unlawful traffic stop and subsequent unlawful search and seizure; (3) trial court's limiting of petitioner's questioning of witnesses concerning the legality of the search and seizure violated petitioner's right to seek jury nullification; (4) plea agreement was rescinded; (5) denied right to compulsory process/discovery; and, (6) involuntary waiver of counsel. On January 26, 2011, the Second Circuit affirmed his conviction and sentence. *State of Louisiana v. Frederic Lubron Birgans*, 45,982 (La. App. 2 Cir. 1/26/2011), 57 So.3d 478.

On some unspecified date[1] petitioner filed an application for writs seeking further direct review in the Louisiana Supreme Court; the writ application was assigned Docket Number 2011-KO-496, and, as of the date petitioner filed his amended *habeas corpus* petition, the writ application remained pending in the Supreme Court. [See Doc. 4, ¶9][2]

On May 24, 2011, petitioner filed a *pro se* pleading in the Fourth Judicial District Court claiming that the video of his traffic stop and subsequent search and seizure had been altered. [Doc. 1-1, pp. 4-9] On June 2, 2011, the District Court ordered the State to respond to the motion and to preserve the video evidence. [Doc. 4-2, p. 1] On June 8, 2011, the State filed Procedural Objections noting that petitioner's direct review remained pending in the Louisiana Supreme Court and therefore the trial court lacked jurisdiction to consider petitioner's motion, which was in the nature of an application for post-conviction relief. The State asked the court to stay these proceedings

---

[1] In a pleading filed by the State in response to a post-conviction action, it was alleged that the writ application was filed on March 14, 2011. [Doc. 4-2, p. 3, ¶4]

[2] A review of the presumptively reliable jurisprudence of the State of Louisiana confirms that the writ application remains pending in the Louisiana Supreme Court as of this date as well. In any event, even if the Louisiana Supreme Court denies his writ application on direct review, his tampered evidence claim, which remains pending in the Fourth Judicial District Court would remain unexhausted.

pending a final ruling by the Supreme Court on petitioner's pending application for writs. [Doc. 4-2, pp. 2-4] On June 13, 2011, the District Court entered an order staying the post-conviction proceedings pending final judgment from the Louisiana Supreme Court.[3] [Doc. 4-2, p. 5]

On June 21, 2011, petitioner filed a writ application in the Louisiana Supreme Court, presumably seeking review of the trial court's order staying the post-conviction proceedings. The pleading was assigned Docket Number 2011 - OK -1303 [Doc. 4-2, pp. 6 and 17]; it was construed as an application for Writ of Mandamus and/or Prohibition and denied without comment by the Supreme Court on June 29, 2011. *State of Louisiana v. Frederic Birgans*, 2011-1303 (La. 6/29/2011), 64 So.2d 228. [See also Doc. 4-2, p. 7]

On July 11, 2011, the prosecutor advised the District Court that the State was prepared to "dispel any notions or claims" concerning the video of petitioner's arrest and search. The prosecutor also advised that the Court would be informed as soon as the Supreme Court acted on petitioner's pending application for certiorari. A copy of this letter was presumably sent to petitioner. [Doc. 4-2, pp. 8-10]

On some unspecified date, petitioner filed a Motion to Recuse the judge and the district attorney and to change venue with regard to his pending post-conviction motion. [Doc. 4-2, p. 11] On other unspecified dates petitioner corresponded with the United States Attorney for the Western District of Louisiana, the Louisiana Attorney General, two Monroe newspapers and the United States Department of Justice. Therein he alleged the existence of a conspiracy involving the arresting officers, the prosecutors, and his court-appointed trial counsel with regard to his claim that the video

---

[3] La. C.Cr.P. art. 924.1 provides, "An application for post conviction relief shall not be entertained ... if an appeal is pending."

of his arrest and search had been tampered with. [Doc. 4-2, pp. 12-16]

On June 21, 2011, petitioner filed a pleading styled "Emergency Preliminary Injunction (Motion for Federal Intervention)" in this Court. Therein petitioner asserted that "he should be removed from further criminal proceedings in the jurisdiction of the Fourth Judicial District Court and the District Attorney's Office ... and place him in Federal Jurisdiction, whereas, there is a conflict of interest..." Petitioner alleged that the traffic stop which resulted in his arrest and search was unlawful and that he was wrongfully convicted and sentenced. He asked this court to assume jurisdiction. [Doc. 1] Since it appeared that petitioner was seeking *habeas corpus* relief pursuant to 28 U.S.C. §2254, petitioner was directed to amend his pleading and to utilize the form provided to state prisoners seeking collateral review of their convictions in federal court. [Doc. 3] On August 15, 2011, petitioner submitted his pleadings on the appropriate form and provided additional exhibits as noted above. [Doc. 4] Petitioner identified the following grounds for relief:

### Ground One

> I have been arrested on I-20 due to a narcotic checkpoint and accused of speeding and misuse of lanes giving rise to a stop. I was unlawfully detained after police officers stated I was free to go and my car windows were let down before a dog sniff that still did not alert using any trained alert indicators. My freedom to be left alone was violated by a conspire [sic] effort of the La. State Trooper, Ouachita Parish Sheriff's Department and Monroe P.D. The evidence of the stop is on the original DVD and the duplicate has 12 errors.

### Ground Two

> Trial Court erred by allowing duplicate into trial (dash cam DVD) when original was available even after many objections. Duplicate DVD has no pertinent data, minutes, time, speed, missing sound, and edited to delete the fact that there was no valid reason for traffic stop. A DVD Forensic Specialist of 26 years has evaluated this fake DVD used at trial and determined it is edited and a cover-up of real evidence. Also a forensic (CV) crime video shown 12 or more places on DVD that were edited. Yet no hearing on matter.

Ground Three

Right to a fair trial for reasons: Not arraigned; Court does not acknowledge motions and writs; Court forced defendant to represent himself at trial; Court allowed edited evidence proven by forensic (CV); Court does not acknowledge Jury Nullification; Due Process violation for not allow a plea under Crosby to reserve appeal rights; now will not rule on writ of error and some state officials are implicated in criminal conduct in this case.

Ground Four

Trial Judge Daniel Ellender and District Attorney Jerry Jones, IDB Counsel Elizabeth Brown, State Police Troop F officers, Infinity Audio Sound, Monroe, Louisiana (Steve Buck Bradley) all are in conspiracy to obstruct justice and violate petitioner's civil rights when they all knowingly participated in introducing edited DVD into evidence at trial. Plus, now the state and the court furthered its conspiracy when no hearings are allowed on forensic evaluation of DVD. [Doc. 1]

*Law and Analysis*

In his initial pleading filed in this court, petitioner invoked the "supervisory jurisdiction" of this Court and requested that this Court intervene on his behalf with regard to his pending state post-conviction proceedings. This Court is a court of original jurisdiction; it possesses no supervisory jurisdiction over the Louisiana courts, and consequently may not exercise oversight over, enjoin, or in any manner intervene in either the direct appeal pending before the Louisiana Supreme Court or the collateral attack which is pending in the Fourth Judicial District Court. *Compare Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir.), cert. denied, 513 U.S. 906, 115 S.Ct. 271 (1994); *Hale v. Harney*, 786 F.2d 688, 690-91 (5th Cir.1986); *Hagerty v. Succession of Clement*, 749 F.2d 217, 220 (5th Cir.1984), cert. denied, 474 U.S. 968, 106 S.Ct. 333 (1985).

To the extent that petitioner seeks "removal" of his on-going State action, his claim fares no better. Title 42 U.S.C. §1443 permits removal of state criminal prosecutions "[a]gainst any person

who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; [f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." However petitioner has made no allegation that he has been denied a federal right arising under a specific law or statute protecting against racial inequality. Further, even if his pleadings were liberally construed to raise such a claim, the mere assertion that the criminal proceedings pending in state court will violate a litigant's rights under the general provisions of 42 U.S.C. § 1983 or the Fourteenth Amendment is insufficient to support a removal under 28 U.S.C. § 1443. *Johnson v. Mississippi*, 421 U.S. 213, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975).

*Habeas corpus* is the exclusive initial remedy for state prisoners to challenge the validity of their convictions or the lawfulness of their confinement. *Hill v. McDonough*, 547 U.S. 573, 579, 126 S.Ct. 2096, 2101 (2006); *Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S.Ct. 1827, 1836 (1973). Congress has enacted Title 28 U.S.C. §2254 which provides the manner in which persons "in custody pursuant to the judgment of a State court" may seek relief in federal court if they are "in custody in violation of the Constitution or laws or treaties of the United States."

Section 2254(b) and decades of federal jurisprudence require a petitioner seeking federal *habeas corpus* relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – the applicant has exhausted the remedies available in the courts of the State..."); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir.1983);

*Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir.1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir.1998).

In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts in a "procedurally proper manner." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5 Cir.2001); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir.1998) citing *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir.1985); *Mercadel*, 179 F.3d at 275 citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Deter v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk*, 144 F.3d at 360 citing *Richardson*, 762 F.2d at 431-32. In Louisiana, the highest court is the Louisiana Supreme Court. LSA – Const. Art. 5, §5(a) ("The Supreme Court has general supervisory jurisdiction over all other courts...")

Thus, in order for a Louisiana prisoner to have exhausted his state remedies, he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

Petitioner raises a series of claims in his federal *habeas* petition. Some of those claims were

argued as Assignments of Error in his direct appeal to the Second Circuit Court of Appeals and presumably have been raised in his application for writ of *certiorari* which remains pending in the Louisiana Supreme Court.

The remaining claims – especially those which deal with the alleged conspiracy and tampering with the video of his arrest – were the subject of petitioner's post-conviction pleading which was stayed pending the resolution of his application for writs on direct review which remained pending in the Supreme Court. Although it appears that petitioner unsuccessfully sought writs in the Louisiana Supreme Court [*State of Louisiana v. Frederic Birgans*, 2011-1303 (La. 6/29/2011), 64 So.2d 228; see also Doc. 4-2, p. 7], his application did not fairly present the substance of his post-conviction and *habeas corpus* claims to the Louisiana Supreme Court. Indeed, that pleading invoked the supervisory jurisdiction of the Supreme Court and requested – "... Emergency Writs to review the entire records regarding denial of access to Public Records, Writ of Mandamus and Motion to Proceed in Forma Pauperis..."; the production of unspecified "records"; and an injunction against "the Checkpoint in West Monroe and Ouachita Parish..." [See Doc. 4-2, p. 17]

In other words, petitioner's federal *habeas corpus* claims remain pending either on direct review in the Louisiana Supreme Court, or, in the Fourth Judicial District Court awaiting the resolution of the direct appeal process. As such, petitioner has not exhausted the State court remedies which remain available and dismissal of his federal *habeas petition* is appropriate.

Finally, to the extent that petitioner implies that he is exempted from the exhaustion requirement because "... there is an absence of available State corrective process; or [because] circumstances exist that render such process ineffective..." [see §2254(b)(1)(B)(i) and (ii)], such a claim is clearly without a basis in either law or fact. Petitioner's direct appeal claims have

presumably been presented to the Louisiana Supreme Court and will be considered in due course; further, the stay of his post-conviction proceedings was appropriate in light of the pending direct appeal. Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITHOUT PREJUDICE** because petitioner has failed to exhaust all available state court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a COA, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a COA should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the**

**memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, August 25, 2011.

_/s/ Karen L. Hayes_
KAREN L. HAYES
U. S. MAGISTRATE JUDGE